IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **ALTNETTIA GASSAWAY, a/k/a** <br> **ALTNETTIA GASSAWAY-SMITH,** <br><br> **Plaintiff,** <br><br> v. <br><br> **TWIN CITY FIRE INSURANCE** <br> **COMPANY, ET AL.** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

Defendant, Twin City Fire Insurance Company ("Twin City and "defendant"), by and through counsel, according to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby removes the state court action described below to the United States District Court for the Western District of Missouri, Western Division. As grounds for removal, Twin City states the following:

1. Defendant Twin City has been named as a defendant in a civil action brought against it in the Circuit Court of Clay County, Missouri captioned *Altnettia Gassaway v. Twin City Fire Insurance Company*, Case No. 23CY-CV09375 filed on September 19, 2023.

2. Defendant Twin City has not been served and maintains its right to be served. Although plaintiff attempted to serve Twin City's Registered Agent by mail, no Acknowledgment of Service was completed or returned and plaintiff failed to serve Twin City as otherwise provided by statute or rule. *See*, *State Court file*, Exhibit A.

3. Because Twin City has not yet been served and because this action was commenced less than one year ago, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446.

4. Plaintiff Altnettia Gassaway is a Missouri resident and citizen of Missouri for the purposes of jurisdiction. *See, plaintiff's Petition for Damages* at ¶ 1, Exhibit B.

5. None of the named defendants in plaintiff's Petition for Damages have been served. Further, none of the defendants are residents of Missouri. *See, plaintiff's Petition for Damages* at ¶ 3, Exhibit B.

6. Twin City is an insurance company organized under the laws of the State of Indiana and with its principal place of business in Connecticut. Therefore, Twin City is a citizen of the State of Connecticut and the State of Indiana for the purposes of diversity jurisdiction.

7. Complete diversity of citizenship exists because plaintiff Gassaway is a citizen of a different state than defendant, Twin City.

8. Upon information and belief, Twin City asserts that the allegations in controversy as pled in this action exceed $75,000.00, exclusive of interest and costs.

9. To determine the amount in controversy, the Court must assume that the allegations in the operative pleading are true and that a jury will return a verdict for the plaintiff on all such claims. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 997 (8th Cir. 2013) (internal citation and quotation marks omitted) ("[W]hen determining the amount in controversy, the question 'is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are"); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("The point is that removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it"). In a notice of removal, the defendant need "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

2

#30862312 v1
Case 4:23-cv-00865-BP    Document 1    Filed 11/29/23    Page 2 of 5

10. Plaintiff's Petition for Damages asserts a count for Breach of Contract and Bad Faith Failure to Settle Claim Against Twin City. Defendant denies the allegations and further denies plaintiff can even bring a claim for "bad-faith failure to settle claim" against Twin City. The policy under which plaintiff alleges breach of contract has policy limits of $50,000 each person and $100,000 each accident. *See, plaintiff's Petition for Damages* at ¶16, Exhibit B. Further, plaintiff prays for "reasonable attorneys' fees." Upon information and belief, the allegations in controversy exceed $75,000, exclusive of interest and costs.

11. Under 28 U.S.C. § 1332(a)(1), this Court has jurisdiction over this matter because the amount in controversy exceeds $75,000 exclusive of interests and costs and the lawsuit is between citizens of different states. As such, this Court has jurisdiction for the removal of this action from state court under 28 U.S.C. §§ 1441 and 1446.

12. Consent to removal by other defendants is not necessary because none of the defendants have been served. Although plaintiff filed a Return of Service Affidavit alleging service was made by first-class mail to "defendant's Registered Agent," no Acknowledgment of Service was completed or filed and service was not made by plaintiff as otherwise provided by statute or rule. *See, State Court* file, Exhibit A. Further, it appears Twin City is the only true defendant named in plaintiff's Petition for Damages. Although plaintiff's Petition for Damages identifies other defendants, plaintiff collectively refers to all defendants as "The Insurance Company," and Twin City issued the insurance policy at issue in this case.

13. Venue for this action is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a) because the state court action is pending in the district and division embracing this Court.

14. Defendant has not been properly served, in accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders purportedly served upon defendant have been attached as Exhibit C.

15. This Notice of Removal will be served upon all adverse parties and will be filed promptly in the state court action in accordance with 28 U.S.C. §1446(d).

16. A copy of the Civil Cover Sheet is attached as Exhibit D.

17. A copy of the complete State Court file is attached as Exhibit A.

18. By removing this matter, Twin City does not waive any objections it may have as to jurisdiction, venue, or any other defenses or objections that it may have in this action. Twin City does not intend any admissions of facts, law, or liability by this Notice of Removal, and it expressly reserves all defenses and/or motions.

19. In the event that plaintiff files a request to remand or the court considers remand *sua sponte*, Twin City respectfully requests the opportunity to submit additional argument and/or evidence in support of removal.

WHEREFORE, defendant Twin City Fire Insurance Company hereby gives notice of removal of this action from the Circuit Court of Clay County, Missouri, to the United States District Court for the Western District of Missouri, Western Division.

Respectfully submitted,

**WATTERS WOLF BUB HANSMANN**

*/s/ W. James Foland*
W. James Foland     # 25022
Abbigale A. Gentle     #47879
4435 Main Street
Suite 920
Kansas City, Missouri 64111
Telephone: (816) 782-8881
Facsimile: (636) 798-0693
Email: jfoland@wwbhlaw.com
         agentle@wwbhlaw.com

**ATTORNEYS FOR DEFENDANT, TWIN CITY FIRE INSURANCE COMPANY**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 29th day of November 2023, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will automatically send electronic notice of filing to all attorneys registered to receive such notice. I further certify that on the 29th day of November 2023, a copy of the foregoing document was served via email in pdf upon the following:

R. Aaron Hargis
Law Office of Aaron Hargis, LLC
606 W. 39th Street
Kansas City, MO 64111
(816) 753-4242 Phone
Aaron.hargis@yahoo.com
***ATTORNEY FOR PLAINTIFF***

*/s/ W. James Foland*
**ATTORNEYS FOR DEFENDANT, TWIN CITY FIRE INSURANCE COMPANY**